UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM B. JOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03216-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| MARCIA FUDGE, Secretary of the Department of | ) | |
| Housing and Urban Development, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* Plaintiff William B. Jolley is a veteran of the United States Air Force and was formerly employed by the Department of Housing and Urban Development ("HUD"). He brings this action against the United States of America and Marcia Fudge, Secretary of HUD, alleging discrimination and challenging the constitutionality of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and of the administrative procedures for bringing claims under USERRA and other federal employment discrimination statutes. [Filing No. 1.] The United States and Ms. Fudge (collectively, "the Government") have filed a Motion to Dismiss, seeking dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(3), and (b)(6) for lack of jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. [Filing No. 17.] In addition to opposing the Government's Motion to Dismiss, Mr. Jolley has filed a Motion for Sanctions, arguing that the Government violated Federal Rule of Civil Procedure 11 by arguing that venue is improper in this Court. [Filing No. 30.] These motions are both ripe for the Court's decision.

1

**I.**
**STANDARD APPLICABLE TO THE MOTION TO DISMISS**

At the outset, the Court notes that the Government seeks to dismiss this case in its entirety based on improper venue, and seeks dismissal of certain claims based on lack of subject matter jurisdiction and failure to state a claim. [*See* Filing No. 18.] For the reasons discussed below, the Court concludes that the venue issue is dispositive here and requires that this matter be transferred to another Court. Accordingly, the Court need not address the Government's arguments concerning subject matter jurisdiction or failure to state a claim, and need not outline the standards applicable to those arguments. *See In re LimitNone, LLC*, 551 F.3d 572, 576-57 (7th Cir. 2008) (explaining that a court may transfer a case to a different venue without first considering the issue of subject matter jurisdiction).

Rule 12(b)(3) allows a party to move to dismiss an action for improper venue. *Deb v. SIRVA, Inc*., 832 F.3d 800, 809 (7th Cir. 2016). When deciding a motion to dismiss under Rule 12(b)(3), the Court must accept the allegations in the plaintiff's complaint as true, unless those allegations are contradicted by the evidence submitted by the defendant. *Id.* "Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.* " Where one party makes a bald claim of venue and the other party contradicts it, a district court may look beyond the pleadings to determine whether the chosen venue is appropriate." *Id.* at 809-10.

## II.
### BACKGROUND AND PROCEDURAL HISTORY[1]

According to Mr. Jolley, he brings this action "for the amelioration of employment conditions for Veterans, older workers[,] and disabled workers in the federal civil service." [Filing No. 1 at 7.] Mr. Jolley's filings indicate that he currently resides in Brunswick, Georgia, and has done so since he commenced this action. [*See, e.g.*, Filing No. 1 at 12; Filing No. 30 at 2.]

Mr. Jolley alleges that he was employed with HUD from 1963-1972 and from 2004-2010. [Filing No. 1 at 7.] In 2003 or 2004, he filed a lawsuit against HUD alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), and he settled the case in 2004 in exchange for a position in HUD's Jacksonville, Florida office at the GS-15 grade and $60,000.00. [Filing No. 1 at 7-8.] Mr. Jolley alleges that he was employed in that role from 2004 to 2007, but "was frequently faced with covert animosity." [Filing No. 1 at 8.] According to Mr. Jolley, in 2007 he successfully litigated a claim for "[u]ncooperative and disparaging treatment" under USERRA, before the Merits Systems Protection Board ("MSPB"). [Filing No. 1 at 8.]

Mr. Jolley alleges that in 2007 or early 2008, HUD began a "reorganization" process in contravention of the statutory requirements established in 42 U.S.C. § 3535(p). [Filing No. 1 at 8.] As a part of that process, HUD directed Mr. Jolley to accept the position of Field Office Director in Boise, Idaho, or be fired. [Filing No. 1 at 8.] HUD did not give Mr. Jolley the option of accepting a comparable position closer to his home and family. [Filing No. 1 at 8.] After Mr. Jolley accepted the position in Boise, he "sought a swap" with another director who was located in Springfield, Illinois, but HUD would not approve the swap. [Filing No. 1 at 9.] However, when

---

[1] Pursuant to the standard of review detailed above, the allegations contained in Mr. Jolley's Complaint are accepted as true for purposes of this Order. To the extent that such allegations are contradicted by the Government's evidence, or the Government has provided additional facts, those matters will be discussed further below.

3

Mr. Jolley later left his position in Boise,[2] the director from Springfield was transferred to the Boise position. [Filing No. 1 at 9.] Mr. Jolley alleges that he has "served HUD successfully, politely and professionally in every position that he has held." [Filing No. 1 at 9.]

In Count I of his Complaint, Mr. Jolley alleges that in 2018, he applied for the position of GS-15 Field Office Director at the HUD Field Office in Boise, Idaho. [Filing No. 1 at 2-3.] He was not selected for the position, and believes that was due to his hearing disability, his "advanced age," the fact that he had previously successfully litigated a USERRA claim before the MSPB, or some combination of those factors. [Filing No. 1 at 3.] Mr. Jolley alleges that he previously held a GS-15 Director position and was successful in that role "despite deafness and advanced age." [Filing No. 1 at 3.] He believes that, in order to avoid hiring him for a new GS-15 Director position, HUD reorganized its field office and downgraded the available position to a GS-14 level, without complying with federal law concerning field office reorganization. [Filing No. 1 at 3.] According to Mr. Jolley, "[n]either HUD nor [the Equal Employment Opportunity Commission ("EEOC")] has resolved the issue at stake despite [his] patience going through various administrative procedures." [Filing No. 1 at 3.]

With respect to Count I, Mr. Jolley asks the Court to find that by failing to hire him, HUD violated 42 U.S.C. § 3535(p), which establishes requirements for the reorganization of HUD field offices, and "violated employment selection laws" including USERRA, the ADEA, and the Americans with Disabilities Act ("ADA"). [Filing No. 1 at 5.] He further asks that the Court direct HUD "to immediately place [him] in the GS-15, step 10 position as the Boise Field Office Director with all back-pay and benefits to which he is entitled." [Filing No. 1 at 5.]

---

[2] It is unclear from the Complaint exactly when or why Mr. Jolley left the Boise position.

In Count II of the Complaint, Mr. Jolley alleges that two of his USERRA cases that were heard by the MSPB were reviewed by the Court of Appeals for the Federal Circuit and remanded to the MSPB, but the MSPB has ignored them, "even when the MSPB had adequate board members to render action on the remand." [Filing No. 1 at 4.] He asks the Court "to decide the remanded USERRA issue" pursuant to this Court's authority granted by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and order that he be placed in the Boise Field Office Director position with all back-pay benefits. [Filing No. 1 at 6.]

In Count III of the Complaint, Mr. Jolley alleges that USERRA, specifically 38 U.S.C. § 4324, is unconstitutional because it treats veterans employed by federal agencies less favorably than veterans employed by states or private entities. [Filing No. 1 at 4.] Mr. Jolley alleges that USERRA requires federally employed veterans to pursue relief before the MSPB, "which has administrative judges not constitutionally qualified" under the criteria established in *Lucia v. S.E.C.,* 138 S. Ct. 2044 (2018). [Filing No. 1 at 4.] He asks the Court to declare § 4323 unconstitutional and order that all appeals by federally employed veterans be treated pursuant to the procedures established in § 4324 for veterans employed by states or private entities. [Filing No. 1 at 6.]

In Count IV of the Complaint, Mr. Jolley alleges that the administrative judges serving on the MSPB and the EEOC are not constitutionally qualified pursuant to the *Lucia* decision. [Filing No. 1 at 4-5.] He asks the Court to "decide that the administrative judges" must be qualified under the criteria established in *Lucia* and order that "decisions previously made by constitutionally unqualified administrative judges" after June 21, 2018 be "tried with qualified judges." [Filing No. 1 at 6.]

5

In Count V of the Complaint, Mr. Jolley alleges that all "[d]ecisions involving issues related to the USERRA, ADEA and the ADA laws should have the protection of qualified judges." [Filing No. 1 at 5.] He asks the Court for an injunction requiring the MSPB and the EEOC to "use constitutionally qualified judges" or district court judges to decide cases involving USERRA, the ADEA, or the ADA. [Filing No. 1 at 7.]

Regarding venue, Mr. Jolley alleges the following:

> A substantial part of the events or omissions (the EEOC case) giving rise to the claim arises in the EEOC case in Indianapolis, In. The EEOC assigned the case of Disability and Age discrimination relative to the HUD Boise, Idaho office to be tried in Indianapolis by EEOC administrative judge Davidson Momah. Judge Momah is not qualified to decide the matter according to the decision of the U.S. Supreme Court in *Lucia v. SEC*.

[Filing No. 1 at 1 (emphasis omitted).]

On June 21, 2021, Mr. Jolley filed a Motion for Partial Summary Judgment, seeking judgment in his favor on Count I. [Filing No. 15.] Just over a week later, the Government filed its Motion to Dismiss, [Filing No. 17], as well as a Motion to Stay Briefing on Plaintiff's Motion for Partial Summary Judgment, [Filing No. 19]. The Court granted the Motion to Stay Briefing and ordered that a briefing schedule on Mr. Jolley's Motion for Partial Summary Judgment would be set following a ruling on the Government's Motion to Dismiss. [Filing No. 20.]

Mr. Jolley then filed a second Motion for Partial Summary Judgment, seeking judgment in his favor on Count II. [Filing No. 21.] The Government again moved to stay summary judgment briefing pending a ruling on the Motion to Dismiss, [Filing No. 25], and the Court granted the motion, ordering that a briefing schedule on the second Motion for Partial Summary Judgment would be set following a ruling on the Government's Motion to Dismiss, [Filing No. 28].

Thereafter, the Government's Motion to Dismiss became ripe. [*See* Filing No. 26 (Mr. Jolley's Response); Filing No. 29 (the Government's Reply).] Then Mr. Jolley filed a Motion for

6

Sanctions, asserting that the Government violated Federal Rule of Civil Procedure 11 by arguing in its Motion to Dismiss that venue is improper in this Court. [Filing No. 30.] The Motion for Sanctions is also ripe for the Court's decision.

### III.
#### DISCUSSION

**A. Motion to Dismiss**

The Government argues that this case should be dismissed because venue is not proper in the Southern District of Indiana. [Filing No. 18 at 3-6.] Specifically, the Government contends that Mr. Jolley asserts that venue is proper under 28 U.S.C. § 1391(e)(1)(B), but does not allege in the Complaint that a substantial part of the events or omissions giving rise to his claims occurred in this District. [Filing No. 18 at 4-6.] Instead, the Government argues, this suit principally involves Mr. Jolley's application for a job in Idaho, which he applied for while living in Georgia, and after he was not selected, he pursued relief through the EEOC and MSPB in Washington, D.C. [Filing No. 18 at 5.] Accordingly, the Government contends, "none of the events having actual significance to this case occurred in Indiana." [Filing No. 18 at 5.] The Government acknowledges that Mr. Jolley's EEOC claim was presented to an Administrative Law Judge ("ALJ") in Indianapolis, but maintains that is insufficient to render venue proper here because: (1) the ALJ himself was puzzled as to why Mr. Jolley was pursuing relief in Indianapolis, and issued an order directing Mr. Jolley to show cause why the case was not being heard in a different EEOC office; (2) Mr. Jolley did not enter an appearance in the Indianapolis administrative proceeding or actively litigate that case, and the case ultimately was not heard there; and (3) the case was assigned to an ALJ in Indianapolis as a result of Mr. Jolley requesting a hearing, not due to any action taken by the Government. [Filing No. 18 at 6.]

In the alternative, the Government argues that this case should be transferred to a proper venue if not dismissed. [Filing No. 18 at 7-8.] The Government offers the U.S. District Court for the District of Idaho, the U.S. District Court for the District of Columbia, and the U.S. District Court for the Southern District of Georgia as potential venues, and argues that any of those districts would provide closer access to witnesses and documents, and constitute the places where the events giving rise to this suit occurred. [Filing No. 18 at 7.] The Government also contends that any of those other venues would be preferable to this Court in light of national statistics showing greater docket congestion in this District. [Filing No. 18 at 7.]

Mr. Jolley responds that venue is proper in this Court because his EEOC case was assigned to an ALJ in Indianapolis and "was pursued in Indianapolis." [Filing No. 27 at 1.] Mr. Jolley asserts that he is "surprised" that the Government "was not made aware that most of the action with respect to [Mr. Jolley's] HUD employment was handled on the desk of, and personally by, Michael Lawyer, Director of Human Resource Management for the HUD Office of Field Policy and Management (FPM); and that Michael Lawyer's office is in Indianapolis, Indiana." [Filing No. 27 at 1-2.] According to Mr. Jolley, Mr. Lawyer was personally involved in denying Mr. Jolley the job he applied for and would be a key witness in this lawsuit. [Filing No. 27 at 2.] Mr. Jolley asserts that nothing related to this case happened in Idaho, because all of the events concerning his application for the Boise position "happened in the office of Mr. Lawyer." [Filing No. 27 at 4 n.1.] Mr. Jolley argues that Mr. Lawyer's presence in Indiana and the fact that his case was before an ALJ in Indiana are sufficient to render venue proper in this Court. [Filing No. 27 at 2.] Mr. Jolley does not specifically respond to the Government's arguments that venue would be proper in the District Court for the District of Columbia or the Southern District of Georgia. [*See* Filing No. 27.]

In reply, the Government argues that Mr. Jolley's "theory about Mr. Lawyer's supposed role with respect to the position in Boise does not appear anywhere in the complaint." [Filing No. 29 at 2-3.] Even if the Court were to look past this omission, the Government argues, venue is still improper in this District. [Filing No. 29 at 3.] The Government asserts that the Court has the power, pursuant to either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), to transfer this case to another venue in the interests of convenience and fairness. [Filing No. 29 at 34.] The Government maintains that Georgia, Idaho, and Washington, D.C. have closer connections to this lawsuit than Indiana. [Filing No. 29 at 4.] According to the Government, "this lawsuit is not just about Mr. Jolley's application to Boise in 2018," and his inclusion of other claims concerning the Federal Circuit remanding his case to the MSPB—both of which are located in Washington, D.C.—further weighs against litigating this case in Indiana. [Filing No. 29 at 4.]

   *1. Whether Venue is Proper in this Court*

The federal venue statue provides that a civil action against the United States or any officer or employee of the United States acting in her official capacity may be brought in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). It is undisputed that neither Ms. Fudge nor Mr. Jolley reside in the Southern District of Indiana and that no real property is involved in this action, so venue is only proper in this District if "a substantial part of the events or omissions giving rise to" Mr. Jolley's claims occurred here.

"The test of determining whether a 'substantial part' of the events or omissions giving rise to a claim occurred in a particular district is more of a qualitative, rather than quantitative inquiry."

9

*Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006) (interpreting identical language in § 1391(a)(2) and citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-33 (2d Cir. 2005)). "The court must look to the entire sequence of events underlying the claim, rather than a single action which may have triggered the claim," and must focus on the activities of the defendant, not the plaintiff. *Estate of Moore*, 460 F. Supp. 2d at 936 (citing *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38 (1st Cir. 2001); *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1015 (E.D. Wis. 2000)). A *majority* of the events giving rise to the claim need not have taken place in a particular district for venue to be proper, so long as *a substantial portion* of the events occurred there. *Estate of Moore*, 460 F. Supp. 2d at 936 (citation omitted). "Finally, in order for events to be deemed 'substantial' under the statute, they must have a 'close nexus' to the alleged claim." *Id.* (citing *Daniel*, 428 F.3d at 433).

Mr. Jolley argues that venue is proper in this District for two reasons: (1) Mr. Lawyer was present here when he made decisions about Mr. Jolley's employment application; and (2) an ALJ located here was assigned to the EEOC case. Turning first to Mr. Lawyer, the Government submitted a declaration along with its response to Mr. Jolley's Motion for Sanctions, in which Mr. Lawyer explains that he lived and worked in Washington, D.C. during all times relevant to this lawsuit. [Filing No. 31-1 at 1 ("From 2010 to 2019, I resided in the Washington, D.C. metropolitan area and worked at HUD's office in Washington, D.C.").] Setting aside the fact that the Complaint contains no allegations about Mr. Lawyer's alleged involvement in this case,[3] even if the Court

---

[3] Appended to the end of the Complaint is a section titled "Content of Motion to EEOC Hearings Unit," which contains one sentence stating, "Mr. Lawyer should be referred to the Department of Justice for an FBI investigation leading to possible criminal prosecution under 18 U.S.C. 1917 for his part in the charade." [Filing No. 1 at 11.] However, Mr. Lawyer's first name is not provided, and there is no specific information indicating who he is or what role he allegedly played in "the charade."

10

accepts Mr. Jolley's assertions that Mr. Lawyer was involved in rejecting his job application or reorganizing the HUD field office in Boise, Mr. Lawyer would have done those things from his office in Washington, D.C., not while he was in Indiana. Furthermore, although Mr. Lawyer relocated to "Central Indiana" in April 2019, [Filing No. 31-1 at 1], his current presence in Indiana has nothing to do with the events giving rise to this lawsuit and is insufficient to render venue proper in this Court.

Mr. Jolley's reliance on an Indianapolis ALJ's handling of his EEOC case is similarly misplaced. As an initial matter, nothing in the EEOC case records submitted by the Government or by Mr. Jolley indicate why an Indianapolis-based ALJ was assigned to the EEOC case to begin with. On his EEOC complaint, in response to the question "Where do you believe the discrimination occurred," Mr. Jolley answered "HUD Office of Field Policy & Management." [Filing No. 17-2 at 2.] He listed an address in Washington, D.C. for that office. [Filing No. 17-2 at 3.] The ALJ also expressed confusion regarding why the case was before him, as he ordered Mr. Jolley to show cause why the case should proceed in Indianapolis, rather than the EEOC field office in Seattle, Washington—the nearest field office to Boise—or Washington, D.C.—the nearest field office to HUD's Washington, D.C. headquarters. [Filing No. 17-4 at 3.] It does not appear that Mr. Jolley ever responded to that order to show cause, and his EEOC case was ultimately dismissed without adjudication after he notified the ALJ that he had filed the instant lawsuit in this Court and otherwise failed to comply with the procedures for litigating the EEOC case. [Filing No. 17-5 at 2-3.]

The brief pendency of Mr. Jolley's discrimination claim before an ALJ in Indianapolis did not give rise to the instant lawsuit. To be sure, Mr. Jolley's EEOC complaint alleged age and disability discrimination, [Filing No. 17-2 at 2], which are also at issue in this lawsuit. However,

11

the alleged discriminatory acts (*i.e.*, the denial of Mr. Jolley's application for employment and allegedly improper restructuring of the Boise field office) had already occurred before his EEOC case reached Indianapolis.  And while Mr. Jolley asserts that EEOC ALJs are not constitutionally adequate, the ALJ in Indianapolis dismissed the case and did not reach a substantive decision that Mr. Jolley can challenge as unconstitutional.  Mr. Jolley's other claims concern USERRA, and the way his USERRA claims were handled by the MSPB, which are wholly separate from the issues raised in his EEOC case and have nothing to do with any actions taken by the Indianapolis ALJ.

In sum, the Court concludes that Mr. Jolley has not demonstrated that "a substantial part of the events or omissions giving rise to" his claims occurred in this District.  Accordingly, venue is not proper in this Court.  The Court therefore must consider whether this case should be dismissed or transferred to an appropriate venue.

### 2. *Whether this Case Should be Dismissed or Transferred*

When a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "The interests of justice may require transfer rather than dismissal if the plaintiff mistakenly filed suit in the wrong district and the statute of limitations has since run."  *Farmer v. Levenson*, 79 F. App'x 918, 922 (7th Cir. 2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Cote v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986)).  Courts in this Circuit have also observed that "[t]ransfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating.'" *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059-60 (N.D. Ill. 2002) (citing *Goldlawr*, 369 U.S. at 467); *see also Hangxiao Che v. Daimler Trucks N. Am., LLC*, 2021 WL 3129418, at *4 (S.D. Ill. July 23, 2021) ("Generally, courts prefer transferring a case to a

jurisdiction where venue is proper as opposed to dismissing it. Transfer avoids the 'time-consuming and justice-defeating technicalities' required to refile a case in a proper venue.").

The Court finds that it is in the interest of justice to transfer this case, rather than dismiss it. Notably, the Government does not offer a basis for dismissal—apart from improper venue—for the discrimination claim raised in Count I of Mr. Jolley's Complaint. [*See* Filing No. 18.] Accordingly, even if the Court were to address the other matters raised in the Government's motion, at least one of Mr. Jolley's claims would remain for adjudication and could be pursued in a proper venue. And although the Court lacks the information needed to determine whether a statute of limitations issue might arise if this case is dismissed, at minimum, dismissing a case that could be pursued elsewhere is inefficient. *See Spherion Corp.*, 183 F. Supp. 2d at 1059-60. The Court will next consider where this case should be transferred.

### 3. Other Potential Venues

Mr. Jolley does not dispute the Government's arguments that venue would be proper in the District of Columbia or the Southern District of Georgia. [*See* Filing No. 27.] The Court agrees that venue would be proper in Georgia because Mr. Jolley resides there. *See* 28 U.S.C. § 1391(e)(1)(C). Venue would also be proper in the District of Columbia because: (1) a substantial portion of the events giving rise to the claims occurred there; and (2) Ms. Fudge is deemed a resident of the District of Columbia for venue purposes. Specifically, according to Mr. Jolley, the alleged discriminatory actions that resulted in his failure to be selected for employment occurred in Mr. Lawyer's office in Washington, D.C., as did the MSPB's review of his USERRA claim. Furthermore, because Ms. Fudge performs her official duties in Washington, D.C., she is a resident of that district for purposes of venue. *See Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266-27, 266 n.3 (7th Cir. 1978) ("The residence of a federal officer has always been determined

by the place where [she] performs [her] official duties."). Based on these considerations, coupled with the fact that Mr. Jolley's filing of the instant action shows that he has no qualms about litigating outside of where he resides, the Court concludes that it is in the interests of justice to transfer this case to the District Court for the District of Columbia. Accordingly, the Government's Motion to Dismiss is **GRANTED IN PART** to the extent that it seeks to transfer this case to another venue. The Motion is **DENIED** in all other respects.

### B. Motion for Sanctions

Although the Court has determined that this case should be litigated in the District of Columbia, because Mr. Jolley's Motion for Sanctions is ripe and concerns conduct that occurred before this Court, the Court finds it appropriate to adjudicate the motion.

Mr. Jolley seeks sanctions against the Government, pursuant to Rule 11, arguing that the Government "intentionally diminished" the fact that Indianapolis is an appropriate venue for this lawsuit by failing to disclose to the Court that Mr. Lawyer is located in Indiana. [Filing No. 30 at 1-2.] Mr. Jolley contends that prior to filing its Motion to Dismiss, the Government "well knew" that Mr. Lawyer was located in Indianapolis and that Mr. Lawyer "is the individual most involved with the current matters of Mr. Jolley's employment attempts with Defendant HUD." [Filing No. 30 at 2.]

The Government responds that sanctions are not appropriate because: (1) Mr. Jolley did not include in his Complaint any allegations about Mr. Lawyer or his involvement in the alleged discrimination, and therefore the Government could not have addressed that issue in its Motion to Dismiss; (2) Mr. Jolley's assertion that Mr. Lawyer was located in Indiana during the relevant time is inaccurate; and (3) venue is improper in this District and this case should be litigated in another court. [Filing No. 31.]

Based on the discussion of venue above, Mr. Jolley's Motion for Sanctions is clearly without merit. Not only is his belief about Mr. Lawyer's location inaccurate, but he provided no information in his Complaint that would have alerted the Government to Mr. Jolley's position that Mr. Lawyer was significantly involved in the events giving rise to this lawsuit or permitted the Government to appropriately address that matter in its Motion to Dismiss. Accordingly, Mr. Jolley's Motion for Sanctions is **DENIED**.

## IV.
### CONCLUSION

Based on the foregoing, Mr. Jolley's Motion for Sanctions, [30], is **DENIED**. The Government's Motion to Dismiss, [17], is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The motion is **GRANTED** to the extent that the Government seeks to transfer this case to another venue; and

- The motion is **DENIED** in all other respects.

Pursuant to 28 U.S.C. § 1406(a), the Clerk is **DIRECTED** to **TRANSFER** this case to the District Court for the District of Columbia. Mr. Jolley's pending Motions for Partial Summary Judgment, [15; 21], shall remain pending for disposition by the District Court for the District of Columbia. However, the Clerk is **DIRECTED** to **TERMINATE** the pending motions on this Court's docket.

Date: 10/14/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

William B. Jolley
73 Bartram Trail
Brunswick, GA 31523